◼ In the Matter of EDNA GREEN et al., Individually and on Behalf of All Others Similarly Situated, Petitioners, v ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.— Determinations unanimously confirmed, without costs. Memorandum: Petitioner Green applied for and was denied home relief on September 30, 1974. The denial was based on the fact that she had transferred her 1974 Chevrolet to her sister on August 16, 1974. A fair hearing was requested and held on November 26, 1974. The determination was affirmed after a fair hearing by respondent, Commissioner of the State Department of Social Services. Petitioner Laine applied for home relief which was denied on September 24, 1974 on the ground that he had transferred a $1,900 check which he had received in payment for a stolen motorcycle. Following a fair hearing held on October 22, 1974 the denial was affirmed by the commissioner. Without giving any effect to the statutory presumption contained in subdivision (b) of section 158 of the Social Services Law, there is substantial evidence in the record in each case with respect to petitioners' transfers to support the findings that they were effected in order to render petitioners eligible for public assistance and hence were violative of subdivision (b) of section 158 of the Social Services Law. We therefore do not reach the constitutional questions raised in the petition with reference to the statutory presumption or the issue affecting class action relief. The determination in each case is confirmed. (Review of determinations denying public assistance, transferred by order of Monroe Special Term.) Present—Marsh, P. J., Moule, Simons, Mahoney and Del Vecchio, JJ.